## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 18-20047-JAR** |
| **CHARLES W. OCHLECH,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Charles W. Ochlech's *pro se* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 53).[1] Ochlech also requests appointment of counsel to assist with his motion. The motion is fully briefed, and the Court is prepared to rule. For the reasons provided below, the Court denies his motion and his request for appointment of counsel.

## I.    Background

In September 2019, Ochlech pleaded guilty to one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. §113(a)(6).[2] On December 23, 2019, the Court sentenced him to a 60-month term of imprisonment, followed by two years of supervised release.[3] Ochlech is 50 years old, and his projected release date is December 17, 2022.

Ochlech filed this *pro se* motion for compassionate release on the ground that his medical conditions place him at a heightened risk for severe illness or death should he contract COVID-

---

[1] Because Ochlech appears *pro se*, the Court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Doc. 42.

[3] Doc. 48.

19.  His motion includes a request for appointment of counsel.  The government filed a response brief opposing the motion,[4] to which Ochlech has replied.[5]  In his reply brief, Ochlech proposes a release plan, though that plan has not been approved by the United States Probation Office.[6]

Ochlech is incarcerated at USP Allenwood in Pennsylvania.  As of December 15, 2021, the Bureau of Prisons ("BOP") reports that there are 18 active inmate cases and one active staff case of COVID-19 at this facility.[7]  The BOP further reports that within the broader Allenwood correctional complex, which includes FCI Allenwood Low, FCI Allenwood Medium, and USP Allenwood, 1,927 inmates and 548 staff members have been fully vaccinated against COVID-19.[8]

## II.    Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[9]  "One such exception is contained in [18 U.S.C.] § 3582(c)(1)."[10]  Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[11] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Before reducing a

---

[4] Doc. 57.

[5] Doc. 59.

[6] *See id.*

[7] *COVID-19 Coronovaris*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Dec. 15, 2021).

[8] *Id.*

[9] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[10] *Id.*

[11] Pub. L. No. 115-391, 132 Stat. 5194.

term of imprisonment, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[12]  The court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[13]

## III.    Discussion

### A.    Exhaustion

Section 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that the government may waive or forfeit.[14]  Here, the government does not contest that Ochlech has met the exhaustion requirement.  The Court thus considers this argument waived and proceeds to the merits.

### B.    Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant a § 3582(c)(1)(A) motion.  The court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[15]  While that authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission," the Sentencing Commission has not yet issued a policy statement "applicable" to § 3582(c)(1)(A)

---

[12] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[13] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[14] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[15] *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021).

motions filed by a defendant.[16]  Thus, § 3582(c)(1)(A)'s consistency requirement does not currently constrain the court's discretion to consider whether extraordinary and compelling reasons warrant a sentence reduction.[17]

Ochlech asserts that his medical conditions and his risk of contracting COVID-19 in prison constitute extraordinary and compelling reasons for a sentence reduction.  Ochlech's medical records indicate that he has diabetes, asthma, hypertension, diverticulitis, irritable bowel syndrome, gastro-esophageal reflux disease, neuralgia, and neuritis.  He also suffers from several mental health conditions, including depression, post-traumatic stress disorder, antisocial personality disorder, and borderline personality disorder.  Ochlech contends that these medical conditions place him at an increased risk of severe illness from COVID-19.

According to the Centers for Disease Control and Prevention ("CDC"), having diabetes, moderate-to-severe asthma, "possibly" hypertension, and "mood disorders, including depression," can each "make you more likely to get severely ill from COVID-19."[18]  But Ochlech's immunization records indicate that he is fully vaccinated against COVID-19—he received the first dose of the Moderna COVID-19 vaccine on February 24, 2021, and he received the second dose on March 23, 2021.[19]  Because Ochlech is fully vaccinated, the government argues that this has mitigated the risk of severe illness from COVID-19.  The Court agrees.  The CDC has explained that mRNA COVID-19 vaccines, including the Moderna COVID-19 vaccine, "reduc[e] the risk of COVID-19, including severe illness by 90 percent or more among

---

[16] *Id.* at 832, 836–37.

[17] *Id.* at 837.

[18] *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 14, 2021).

[19] *See* Doc. 57 at 10.

people who are fully vaccinated."[20]  The vaccines "have been shown to provide protection against severe illness and hospitalization among people of all ages eligible to receive them," including those "who are at higher risk of severe outcomes from COVID-19."[21]  The information available to the Court thus shows that Ochlech is inoculated with a vaccine that is safe and highly effective at preventing severe cases of COVID-19, even among people with underlying medical conditions.[22]  And Ochlech has provided no evidence or persuasive argument suggesting that, despite vaccination, he remains at an increased risk for severe illness from COVID-19.[23]

Under these circumstances, the Court concludes that Ochlech's medical conditions and the possibility of a COVID-19 infection do not amount to extraordinary and compelling reasons for a sentence reduction under § 3582(c)(1)(A).

### C.      Section 3553(a) Factors

Even if Ochlech could show that extraordinary and compelling reasons exist, the applicable § 3553(a) factors counsel against his release at this time.  Those factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (3) "the need for

---

[20] *COVID-19 Vaccines Work*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness /work.html (last updated Nov. 9, 2021).

[21] *Id.*

[22] *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order."); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (same).

[23] *See United States v. Gomez-Vega*, No. 19-1382-1, 2021 WL 1339394, at *3 (D.N.M. Apr. 9, 2021) ("[A]bsent any evidence or argument combatting the efficacy of the vaccine's protection to mitigate his medical concerns, the Court is strained to accept that [the defendant's] conditions constitute extraordinary and compelling reasons for compassionate release."); *see also Broadfield*, 5 F.4th at 803 ("A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.").

the sentence imposed . . . to afford adequate deterrence to criminal conduct"; (4) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[24]

In this case, Ochlech pleaded guilty to assault resulting in serious bodily injury, a violent crime.  Ochlech was an inmate at USP Leavenworth when he committed the offense.  After other inmates finished assaulting the victim, Ochlech repeatedly kicked the victim in the head, and he was then heard saying "I stomped his teeth out, he shit himself, and now he's dead."[25]  The victim was rendered comatose.  He never regained consciousness and died after being taken off life support.  Ochlech's criminal history includes another assault in which his victim was critically injured.  And in prison, Ochlech has been sanctioned for being involved in a fight and for threatening to cut off "staff fingers . . . with a bolt cutter."[26]  He claimed "it was just a warning," not a threat.[27]

Because of the seriousness of Ochlech's crime and the violence in his criminal history, the Court concludes that reducing his sentence to time served would not reflect the seriousness of his offense, afford adequate deterrence, provide appropriate punishment, or protect the public from his further crimes.  The § 3553(a) sentencing factors thus do not favor the sentence reduction that Ochlech seeks, and the Court denies his motion.

---

[24] 18 U.S.C. § 3553(a).

[25] Doc. 45 ¶ 19.

[26] Doc. 57-2 at 1.

[27] *Id.*

**D.      Request for Appointed Counsel**

Ochlech also requests the appointment of counsel to assist with his motion.  While there is no constitutional or statutory right to counsel in the prosecution of a post-conviction motion,[28] courts have broad discretion to appoint counsel for indigents.[29]  In determining whether to appoint counsel, the Court considers several factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[30]  As explained above, Ochlech's motion fails to present a colorable claim for compassionate release.  His motion is also not legally or factually complex, and he has adequately presented his arguments for relief.  Thus, appointment of counsel is not warranted.

Moreover, this Court has already enabled the Federal Public Defender to enter an appearance on Ochlech's behalf.[31]  The Federal Public Defender's office has notified the Court that it has reviewed Ochlech's motion and decided not to enter an appearance.  Ochlech's request for appointed counsel is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ochlech's Motion for Compassionate Release (Doc. 53) is **denied**.  His request for appointment of counsel is also **denied**.

**IT IS SO ORDERED.**

---

[28] *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) ("There is no constitutional right to counsel beyond the direct appeal of a criminal conviction . . . ."); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) ("No right to counsel extends to a § 3582(c)(2) motion.").

[29] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[30] *Id.*

[31] *See* D. Kan. S.O. 2020-8.

Dated: December 16, 2021

                                             S/ Julie A. Robinson
                                             JULIE A. ROBINSON
                                             UNITED STATES DISTRICT JUDGE